Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for Jumbo*
*Seafood Restaurant, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-104-ELG |
| | ) | (Chapter 7) |
| CHENG & COMPANY L.L.C. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No. 24-90-ELG |
| | ) | (Chapter 11) |
| JUMBO SEAFOOD RESTAURANT, INC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JUMBO SEAFOOD RESTAURANT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Case Nos. 24-10013-ELG |
| | ) | 24-10014-ELG |
| v. | ) | |
| | ) | |
| WENDELL WEBSTER, in His Official | ) | |
| Capacity as Chapter 7 Trustee of the | ) | |
| Estate of Cheng & Company L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE AND AVOID PREFERENCE**

Comes now Jumbo Seafood Restaurant, Inc. (the "Debtor" or "Jumbo Seafood"), by and through undersigned proposed counsel, pursuant to Federal Rule of Bankruptcy Procedure 7003

1

and Federal Rule of Civil Procedure 3, and as and for its complaint (the "Complaint") against Wendell Webster in His Official Capacity as Chapter 7 Trustee of the Estate of Cheng & Company L.L.C. (the "Trustee," with Cheng & Company L.L.C. being known as the "Landlord") states as follows:

## Introduction

1. If stripped of the peculiarities of being an action to avoid an order of the very court in which this suit is filed, and of being a preference action *against* a Chapter 7 trustee, this is a relatively straightforward avoidable preference suit.

2. On November 3, 2023, the parties entered into a consent order (the "Consent Order") whereby (i) Jumbo Seafood's former lease for the property located at 619 H Street, NW, Washington, DC 20001 (the "Property") was deemed rejected; (ii) Jumbo Seafood was permitted to occupy the Property on a go-forward basis through the close of February 2024; and (iii) Jumbo Seafood agreed to pay the Trustee the sum of $10,000.00 per month during the ensuing term of occupancy.

3. If the payments made under the Consent Order were as and for rent, at the rate of $10,000.00 per month, during the anticipated four-month duration of a new tenancy period, judgment on Count I of this adversary proceeding should be promptly entered in favor of the Trustee, as Jumbo Seafood does not feign any right to avoid the conferral of a new leasehold interest on substantially contemporaneous terms.

4. If, however, the payments made under the Consent Order were *not* in the nature of rent – as the Trustee has now suggested through motions practice – then the Consent Order is a construct providing for the payment of an antecedent debt and is avoidable in nature.

2

5. Given the profound implication of the Consent Order on Jumbo Seafood's own bankruptcy case, this suit is accordingly now brought to clarify the nature of the payments made thereunder and, assuming said payments are not classified as rent, to avoid the Consent Order.

### Parties

6. Jumbo Seafood is a District of Columbia limited liability company that, on March 27, 2024, filed a voluntary petition for Chapter 11 relief in this Honorable Court, thereby commencing the matter of *In re Jumbo Seafood Restaurant, Inc.*, Case No. 24-90-ELG (Bankr. D.D.C. 2024) (the "Jumbo Seafood Bankruptcy").

7. The Trustee is the duly-appointed Chapter 7 trustee of the Landlord's estate.

### Jurisdiction and Venue

8. This Honorable Court enjoys jurisdiction over the instant proceeding, pursuant to the allowances of Section 157(b)(2)(F) of Title 28 of the United States Code, as this suit seeks to determine, avoid and recover a preference.

9. Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1334 of Title 28 of the United States Code, as this matter arises under Title 11 of the United States Code (the "Bankruptcy Code") and is related to multiple cases under the Bankruptcy Code.

### General Allegations

10. On June 10, 2022, Jumbo Seafood and the Landlord entered into a lease for the use of the Property (the "2022 Lease"), specifying a lease term of "ten (5) [sic] years."

11. The Landlord thereafter sought bankruptcy protection on April 17, 2023, commencing the matter of *In re Cheng & Company L.L.C.*, Case No. 23-104-ELG (Bankr. D.D.C. 2023) (the "Landlord Bankruptcy").

12. The Landlord Bankruptcy was subsequently converted to a proceeding under Chapter 7 of the Bankruptcy Code, with the Trustee being appointed to take helm of the Landlord's estate.

13. On October 12, 2023, the Trustee filed his Motion to Reject Certain Insider Commercial Lease and Require Insider Commercial Tenant to Vacate Formerly Lease Premises (the "Rejection Motion," as found at DE #87 in the Landlord Bankruptcy).

14. The Rejection Motion was not brought as an adversary proceeding and, as such, cannot be construed as a request for turnover under Section 542 of the Bankruptcy Code.

15. The Rejection Motion was resolved by entry of the Consent Order (DE #98 in the Landlord Bankruptcy), on November 3, 2023.

16. The Consent Order establishes that the 2022 Lease is rejected and provides for Jumbo Seafood's forward-looking occupation of the Property in exchange for the payment of $10,000.00 per month to the Trustee, while also directing Jumbo Seafood to vacate the premises "not later than midnight February 29, 2024" and conferring upon the Trustee "immediate and exclusive possession of the Property" thereafter. DE #98 in the Landlord Bankruptcy.

17. The Consent Order further provides that, should Jumbo Seafood not vacate the Property "prior to midnight February 29, 2024," the Trustee may then petition this Honorable Court for "such writs" as may "enable the Trustee to utilize the United States Marshalls [sic] to evict Jumbo from the Property and remove and/or dispose of any remaining personal property of Jumbo from the Property." *Id.*

18. Jumbo Seafood thereafter sought bankruptcy protection on March 27, 2024, *see, supra*, ¶ 6, and has been a debtor-in-possession at all times since.

19. In connection with Jumbo Seafood's bankruptcy, the Trustee has indicated that he "does not concede that" the four payments of $10,000.00 (together with certain other payments) "constituted rent."

## Count I – Avoidance of Preference

20. Jumbo Seafood repeats and realleges each and every foregoing paragraph of this Complaint, as though fully set forth herein.

21. The Consent Order provides for the transfer of both money ($10,000.00) and possession of the Property to the Trustee who, at all times relevant, was a creditor of Jumbo Seafood.

22. As the Trustee himself contends, Jumbo Seafood owed a large antecedent obligation to the Landlord at the time the Consent Order was entered, and the Trustee has not classified the monies paid pursuant to the Consent Order as being in the nature of new rent, necessarily rendering them payments toward the aforesaid antecedent debt.

23. Jumbo Seafood was insolvent at all times relevant, having less than $100,000.00 in assets and owing the District of Columbia more than $500,000.00 in taxes.

24. The Trustee acknowledges Jumbo Seafood is an "insider entity" of the Landlord, DE #24 in the Jumbo Seafood Bankruptcy, at ¶ 7, and, as a matter of law, the Trustee "stands in the shoes of the debtor," *In re Barkats*, 2019 WL 3934799, at *5 (Bankr. D.D.C. Aug. 16, 2019).

25. The Consent Order was entered into less than one year before the date on which Jumbo Seafood sought bankruptcy protection.

26. Insofar as Jumbo Seafood was and is insolvent, the Consent Order permitted the Trustee to receive more than he would have received if the Jumbo Seafood Bankruptcy were a

case under Chapter 7, since the ensuing $10,000.00 payments would have instead gone to the payment of other obligations.

WHEREFORE, Jumbo Seafood respectfully prays this Honorable Court (i) find the Consent Order to constitute a preference under Section 547 of the Bankruptcy Code; (ii) avoid the Consent Order as a preference; (iii) enter judgment in favor of Jumbo Seafood, and against the Landlord's bankruptcy estate, in a sum equal to all monies paid pursuant to the Consent Order; and (iv) afford such other and further relief as may be just and proper.

### Count II – Declaratory Relief

27. Jumbo Seafood repeats and realleges each and every foregoing paragraph of this Complaint, as though fully set forth herein.

28. There exists an actual controversy between Jumbo Seafood and the Trustee, insofar as the Trustee maintains he is legally entitled to reclaim possession of the Property and Jumbo Seafood, alternatively, maintains that either (i) the Consent Order is avoidable under Section 547 of the Bankruptcy Code; or (ii) the Consent Order created a new (or newly-extended) leasehold interest in the Property, commencing November 3, 2023, and Jumbo Seafood has the rights of a tenant holding over under that new (or newly-extended) lease.

29. The ramifications of the Consent Order being avoidable under Section 547 of the Bankruptcy Code are set forth in Count I, *supra*.

30. If the Consent Order is not avoidable and, instead, created a new (or newly-extended) leasehold interest, the Consent Order is necessarily to be regarded as the governing lease document, as it does set forth each of the elements required of a lease under District of Columbia law. *See, e.g.*, *Anchorage-Hynning & Co. v. Moringiello*, 697 F.2d 356, 363–64 (D.C. Cir. 1983) ("We think it equally clear that a lease must minimally contain a description of the premises, the

term of the tenancy, the rent to be paid, and the identity of the parties.") (citing *Custis v. Valley Nat'l Bank*, 375 P.2d 558, 561 (Ariz. 1962); *Enlow v. Irwin*, 251 P. 658, 659 (Cal. App. 1926); *Simons v. New Britain Trust Co.*, 67 A. 883, 884 (Conn. 1907)).

31.  If the Consent Order is to be regarded as the governing lease document, the correlative lease may be understood to be expired but not terminated, *In re Consol. Med. Transp., Inc.*, 300 B.R. 435, 451 (Bankr. N.D. Ill. 2003) (applying analogous Illinois law and observing "a tenant continues to have some interest in a lease well beyond the term expiration date"), as the Bankruptcy Code does not permit a trustee to reject a post-petition lease, *In re Airport Executive Ctr., Ltd.*, 138 B.R. 628, 629 (Bankr. M.D. Fla. 1992), and District of Columbia law requires an action for ejectment be brought – in the Superior Court – to obtain possession of premises subject to an expired (but not terminated) lease, D.C. Code § 42-3210; *Mendes v. Johnson*, 389 A.2d 781, 787 (D.C. 1978) ("We therefore conclude and hold that in this jurisdiction, the landlord's common law right of self-help has been abrogated, and the legislatively created remedies for reacquiring possession are exclusive."), *rev'd on other grounds* by *Davis v. Moore*, 772 A.2d 204 (D.C. 2001).

32.  Of course, the Trustee could, alternatively, bring an action for turnover of the Property, pursuant to Section 542 of the Bankruptcy Code, in lieu of seeking relief in the Superior Court; however, as noted *supra*, the Trustee has not brought an action for turnover in either the Landlord Bankruptcy or the Jumbo Seafood Bankruptcy.

WHEREFORE, pursuant to Section 2201 of Title 28 of the United States Code, Jumbo Seafood respectfully prays this Honorable Court (i) declare the Consent Order to be avoidable pursuant to Section 547 of Title 11 of the United States Code; and (ii) declare Jumbo Seafood to have all the rights attendant to the 2022 Lease, pursuant to the Consent Order being avoidable, including the right to wait 120 days from the petition date to assume the 2022 Lease and cure any

deficiencies thereunder; or, in the alternative, (iii) declare the Consent Order to constitute a new – or newly-extended – lease agreement between the Trustee and Jumbo Seafood; (iv) declare Jumbo Seafood to have all the rights and remedies of a tenant holding over unless and until such time as the Trustee either obtains a state court judgment for ejectment or a judgment of turnover from this Honorable Court; and, in addition to – or in the alternative to – all of the foregoing relief, (v) afford such other and further relief as may be just and proper.

                                    Respectfully submitted,

Dated: April 5, 2024        By:    /s/ Maurice B. VerStandig
                                          Maurice B. VerStandig, Esq.
                                          Bar No. MD18071
                                          The VerStandig Law Firm, LLC
                                          9812 Falls Road, #114-160
                                          Potomac, Maryland 20854
                                          Phone: (301) 444-4600
                                          mac@mbvesq.com
                                          *Proposed Counsel for Jumbo Seafood Restaurant, Inc.*